Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| MIGUEL ÁNGEL FONTANEZ GARCÍA, ET ALS<br><br>Apelante<br><br>v.<br><br>ELIACIN MOLINA NIEVES, AT ALS<br><br>Apelados | TA2025CE00924 | *Certiorari* acogido como ***APELACIÓN*** procedente del Tribuna de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2023CV01093<br><br>Sobre: Cobro, Enriquecimiento Injusto, Fraude y Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de enero de 2026.

Comparece la parte apelante del título mediante un recurso de *certiorari* el cual fue acogido como *apelación*, por ser lo procedente en derecho, para solicitarnos la revisión de la *Sentencia* emitida el 3 de noviembre de 2025, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Humacao. Sobre dicha determinación, la parte demandante de autos interpuso una solicitud de reconsideración,[1] la cual fue denegada mediante *Orden*, emitida el 1 de diciembre de 2025, notificada el día 3 del mismo mes y año.[2] Mediante la *Sentencia* apelada, el foro de instancia declaró *Ha Lugar* una solicitud de sentencia sumaria interpuesta por la parte apelada y, en consecuencia, desestimó la totalidad de las causas de acción de la demanda e impuso el pago de costas y honorarios a la parte demandante de autos.

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 270.
[2] *Íd.*, a la Entrada Núm. 281.

Por los fundamentos que expondremos, se *confirma* la *Sentencia* apelada.

I

El presente caso inició cuando, el 31 de julio de 2023, la parte apelante instó una *Demanda* sobre cobro de dinero, enriquecimiento injusto, fraude y daños y perjuicios contra la parte apelada.[3] Alegó que, por acuerdo entre las partes, compró junto al señor Eliacin Molina Nieves una máquina de equipo pesado para el movimiento de tierra, conocida como Caterpillar. Adujo que el costo de la antedicha máquina ascendió a $120,000.00 dólares, con un canon mensual de $1,100.00 dólares. La parte apelante adujo que aportó la suma de $20,000.00 dólares para el pronto del equipo y que le prestó a la parte apelada la suma de $8,000.00 dólares. Arguyó que el compromiso era que esa suma le debía ser pagada en un término de seis (6) meses a la fecha del préstamo. Esbozó que la parte apelada se negó a devolver el dinero prestado a pesar de sus gestiones de cobro. Dado a lo anterior, solicitó que se le ordenara pagar la suma de $48,000.00 que le adeudaba, $75,000.00 por concepto de daños y perjuicios, así como los gastos y costas del litigio y honorarios de abogado.

Luego de varios incidentes procesales innecesarios pormenorizar, el 7 de agosto de 2024, la parte apelada presentó su *Contestación a demanda.*[4] La parte apelada negó la mayoría de las alegaciones y presentó sus defensas afirmativas.

Así las cosas, el 24 de septiembre de 2024, la parte apelada incoó una solicitud de desestimación al amparo de la Regla 10.2 de las de Procedimiento Civil.[5] La parte apelante se opuso.[6] En respuesta, mediante *Orden,* emitida el 26 de septiembre de 2024 y

---

[3] SUMAC TPI, a la Entrada Núm. 1.
[4] *Íd.,* a la Entrada Núm. 52.
[5] *Íd.,* a la Entrada Núm. 67. 32 LPRA Ap. V, R. 10.2.
[6] SUMAC TPI, a la Entrada Núm. 73.

notificada al día siguiente, el foro primario denegó la solicitud de desestimación al amparo de la Regla 10.2 de las de Procedimiento Civil en esa etapa de los procedimientos.

Iniciado el descubrimiento de prueba, el 26 de septiembre de 2024, la parte apelada interpuso una *Moción en cumplimiento de orden sobre descubrimiento de prueba*.[7] Informó que ese día notificó a la parte apelante: (i) un primer pliego de interrogatorio y requerimiento de documentos a Miguel Ángel Fontánez García; (ii) un requerimiento de admisiones a Miguel Ángel Fontánez García; (iii) un primer pliego de interrogatorio y requerimiento de admisiones a Andrea Suárez; (iv) un requerimiento de admisiones a Andrea Suárez. Posteriormente, el 17 de octubre de 2024, la parte apelada incoó una *Solicitud para que se den por admitidos requerimientos de admisiones conforme a la Regla 33 de Procedimiento Civil*.[8] Alegó que el término provisto por nuestro ordenamiento procesal transcurrió sin que la parte apelante contestara los requerimientos, por lo que se debían dar por admitidos.

En reacción, el 18 de octubre de 2024, la parte apelante interpuso una *Urgente moción informativa y solicitud*.[9] Negó haber sido servido con los alegados requerimientos de admisiones, por lo que se solicitó se ordenara a la parte apelante a demostrar de manera fehaciente el alegado envío. En respuesta, el foro de instancia ordenó a la parte apelante acreditar el envío. En cumplimiento, el 18 de octubre de 2024, la parte apelante interpuso una *Moción en cumplimiento de orden y presentación de prueba adicional sobre notificación de requerimiento de admisiones*.[10] Adjuntó a la misma copia de los correos electrónicos a los cuales acompañó los documentos en la fecha indicada.

---

[7] SUMAC TPI, a la Entrada Núm. 75.
[8] *Íd.,* a la Entrada Núm. 85.
[9] *Íd.,* a la Entrada Núm. 86.
[10] *Íd.,* a la Entrada Núm. 90.

Luego, el 19 de octubre de 2024, la parte apelante interpuso un escrito en el cual admitió haber recibido el requerimiento de admisiones el 28 de septiembre de 2024, y que el término venció el 18 de octubre de 2024, por lo que solicitó un término adicional de quince (15) días para cumplir con el mismo y peticionó las excusas del Tribunal.[11] En esa misma fecha y en reacción, la parte apelada se opuso.[12] En respuesta, el foro de instancia dispuso que atendería el asunto en una vista.

Subsiguientemente, el 25 de octubre de 2024, la parte apelante interpuso una *Reacción a mociones presentadas por la parte demandada,*[13] relacionadas a los asuntos sobre descubrimiento de prueba. El foro de instancia resolvió haciendo referencia a que se atendería en una vista programada para el 29 de octubre de 2024.

Según programado, el 29 de octubre de 2024, se celebró vista.[14] Durante la misma, luego de escuchar las posiciones de las partes respecto al requerimiento de admisiones en cuestión, el tribunal lo dio por admitido. En corte abierta, la representante legal de la parte apelante, a manera de reconsideración, informó que sufrió un accidente en la fecha del 5 de octubre. Además, puntualizó que, si se admitían los requerimientos de admisiones, concluiría el caso porque este lo abarcaba todo. Por otro lado, arguyó que lo referidos requerimientos se debían corregir puesto a que no estaban certificados y no indicaban fecha ni constaba quién los envió. Luego de escuchar la postura de la representante legal de la parta apelada, el tribunal de instancia declaró *No Ha Lugar*, tanto la solicitud de reconsideración como la de corrección.

---

[11] SUMAC TPI, a la Entrada Núm. 91.
[12] *Íd.,* a la Entrada Núm. 92.
[13] *Íd.,* a la Entrada Núm. 100.
[14] *Íd.,* a la Entrada Núm. 111.

Así las cosas, el 30 de octubre de 2024, notificada el 1 de noviembre del mismo año, el tribunal de instancia redujo a escrito lo resuelto por lo que emitió una *Orden* en la que dispuso:

> Examinadas las mociones presentadas por las partes y escuchado sus planteamientos en la vista, este Tribunal, da por admitido el requerimiento de admisiones presentado por la parte demandada. El tracto procesal de este caso pone de manifiesto la falta de diligencia de la representación legal de la parte demandante en cumplir con las órdenes del tribunal. La parte demandante no presentó una moción de prórroga antes de vencido el término, no solicitó el retiro de su admisión tácita y no adujo una justa causa para su incumplimiento. Por lo tanto[,] este Tribunal no tiene discre[c]ión para aceptar una contestación tardía al requerimiento de admisiones, porque no existe una justificación para obviar la norma de admisión automática.[15]

En desacuerdo, el 8 de noviembre de 2024, la parte apelante instó una *Solicitud de reconsideración a orden emitida el 30 de octubre de 2024.*[16] En reacción, el 10 de noviembre de 2024, la parte apelada presentó una *Moción en cumplimiento de orden y en oposición a solicitud de reconsideración y solicitud de imposición de sanciones.*[17] Además, en igual fecha, instó una M*oción para que se ordene a descubrir lo solicitado al amparo de la Regla 34.2 de Procedimiento Civil.*[18] La parte apelante se opuso a la solicitud de imposición de sanciones.[19]

En respuesta, mediante *Orden* emitida el 10 de noviembre de 2024, y notificada el 12 de noviembre de 2024, el tribunal de instancia declaró *No Ha Lugar* la solicitud de reconsideración, así como la de imposición de sanciones.[20] Por otro lado, mediante *Orden*, notificada el 13 de noviembre de 2024, concedió término final a la parte apelante para contestar los interrogatorios y producir la documentación solicitada.[21]

---

[15] SUMAC TPI, a la Entrada Núm. 110.
[16] *Íd.,* a la Entrada Núm. 118.
[17] *Íd.,* a la Entrada Núm. 122.
[18] *Íd.,* a la Entrada Núm. 123.
[19] *Íd.,* a la Entrada Núm. 124.
[20] *Íd.,* a la Entrada Núm. 127.
[21] *Íd.,* a la Entrada Núm. 129.

Luego, mediante escrito, presentado el 15 de noviembre de 2024, la parte apelante presentó objeciones al descubrimiento de prueba que le fue cursado.[22]  La parte apelada se opuso.[23] Mediante *Orden* notificada el 18 de noviembre de 2024, el foro *a quo* ordenó a la parte apelante a contestar los interrogatorios.[24]

Así las cosas, el 2 de diciembre de 2024, la parte apelante presentó una *Solicitud de relevo de orden, a tenor con la Regla 49.2 de Procedimiento Civil.*[25] Solicitó el relevo de la *Orden* emitida el 30 de octubre de 2024, sobre la admisión del requerimiento de admisiones.

Ese mismo 2 de diciembre, compareció la parte apelante para informar haber cumplido con las contestaciones al interrogatorio que le fue cursado, así como haber cursado un requerimiento de admisiones a la parte apelada.[26]

Por otro lado, el 3 de diciembre de 2024, la parte apelante interpuso un escrito para acompañar evidencia médica y para alegar que por causa médica no contestó el requerimiento de admisiones.[27] Así las cosas, el 5 de diciembre de 2024, la parte apelada presentó un escrito en oposición a la solicitud de relevo de orden presentada por la parte apelante.[28] Además, se opuso al requerimiento de admisiones, fundamentando que le fue cursado tardíamente.[29]  En escrito separado, la parte apelada también replicó el escrito al cual la parte apelante le adjuntó evidencia médica.[30] En esencia, se opuso a los intentos de la parte apelante de re litigar el asunto relacionado al requerimiento de admisiones.

---

[22] SUMAC TPI, Entrada Núm. 130.
[23] *Íd.,* a la Entrada Núm. 132.
[24] *Íd.,* a la Entrada Núm. 133.
[25] *Íd.,* a la Entrada Núm. 140.
[26] *Íd.,* a la Entrada Núm. 141.
[27] *Íd.,* a la Entrada Núm. 142.
[28] *Íd.,* a la Entrada Núm. 146.
[29] *Íd.,* a la Entrada Núm. 147.
[30] *Íd.,* a la Entrada Núm. 148.

En respuesta, mediante *Orden* emitida el 5 de diciembre de 2024, notificada al día siguiente, el tribunal *a quo* declaró *No Ha Lugar* el relevo de orden.[31] En desacuerdo, la parte apelante interpuso una petición de *certiorari* en el alfanumérico KLCE202401333, recurso que fue denegado por un Panel hermano mediante *Resolución* final emitida el 17 de enero de 2025.[32]

Mediante *Orden*, emitida el 26 de agosto de 2025 y notificada al día siguiente, el foro *a quo* dio por concluido el descubrimiento de prueba.[33]

Acaecidos algunos incidentes procesales innecesarios resumir, el 29 de septiembre de 2025, la parte apelada instó una *Moción para que se dicte sentencia sumaria.*[34] Arguyó que ameritaba que se desestimara en su totalidad las causas de acción de la demanda, puesto a que este caso carecía de una controversia genuina de hechos materiales. Particularmente, adujo que era un hecho incontrovertido que la cantidad adeudada a la parte apelante fue saldada en su totalidad mediante cheques emitidos a su favor, así como que no existía ninguna deuda adicional. Por lo anterior, argumentó que, distinto a lo que la parte apelante alegó en su demanda, esta no había sufrido perjuicio alguno. En esa misma fecha, la parte apelada presentó, además, una *Moción informando sobre error y sustitución de los anejos 1 y 2 de la moción para que se dicte sentencia sumaria presentada por la parte demandada.*[35]

En reacción, el 20 de octubre de 2025, la parte apelante instó su *R[é]plica y oposición a "Moción para que se dicte sentencia sumaria", presentada por la parte demandada.*[36] Planteó que aún existían hechos materiales que ameritan resolverse en una vista plenaria. Específicamente, manifestó que era falso el hecho de que

---

[31] SUMAC TPI, a la Entrada Núm. 150.
[32] *Íd.,* a la Entrada Núm. 166.
[33] *Íd.,* a la Entrada Núm. 245.
[34] *Íd.,* a la Entrada Núm. 253.
[35] *Íd.,* a la Entrada Núm. 254.
[36] *Íd.,* a la Entrada Núm. 257.

se recibieron cheques en pago de la deuda reclamada. Mediante *Orden*, notificada el 23 de octubre de 2025, el tribunal de instancia dio por sometida la solicitud de sentencia sumaria.[37]

Finalmente, el 3 de noviembre de 2025, notificada el 4 de noviembre de 2025, el foro de instancia emitió la *Sentencia* apelada.[38] Mediante su dictamen, declaró *Ha Lugar* la solicitud de sentencia sumaria interpuesta por la parte apelada y, en consecuencia, desestimó la totalidad de las causas de acción de la demanda y le impuso a la parte apelante el pago de costas y honorarios de abogado.

Como parte del dictamen apelado, el foro *a quo* emitió cuarenta y ocho (48) determinaciones de hechos, las cuales incorporamos por referencia en esta Sentencia.[39] Asimismo, el tribunal de instancia incluyó un recuento sobre las incidencias procesales del caso, las cuales también incorporamos por referencia. Concluyó que la parte apelante recibió cincuenta (50) cheques emitidos por JLV Construction, LLC, a nombre de Fontánez García, Suárez Tolentino y la corporación Fontánez Equipo Pesado, LLC, los cuales sumaban a un total de $107,134.95 dólares. Abundó en que la parte apelante admitió no haber sufrido perjuicio económico alguno como consecuencia del negocio y que no existía deuda adicional de $8,000.00 dólares. Por otro lado, razonó que quedó demostrado que la parte apelante no recibió tratamiento médico o psicológico atribuible a los hechos alegados.

Inconforme con lo resuelto, el 18 de noviembre de 2025, la parte apelada interpuso una solicitud para que se aclarara la sentencia en cuanto a la imposición de honorarios de abogado, para que se dispusiera la suma específica,[40] la cual fue replicada por la

---

[37] SUMAC TPI, a la Entrada Núm. 261.
[38] *Íd.,* a la Entrada Núm. 264.
[39] *Íd.*
[40] *Íd.,* a la Entrada Núm. 267.

parte apelante.[41] En relación a este escrito y en respuesta, mediante *Orden*, emitida el 18 de noviembre de 2025, y notificada el día 21, del mismo mes y año, el tribunal de instancia ordenó a la parte apelada a presentar, en el término de diez (10) días, un escrito con la liquidación de costas y honorarios debidamente evidenciados.[42]

Por otro lado, el 19 de noviembre de 2025, la parte apelante también incoó una *Moción de reconsideración de sentencia, a tenor con la Regla 47 de Procedimiento Civil*.[43] Adujo, en síntesis, que el foro de instancia debió haber retirado las admisiones tácitas del requerimiento de admisiones y sopesar las serias contradicciones vertidas bajo juramento en la deposición. A tenor, peticionó que el tribunal de instancia dilucidara lo anterior en un juicio en su fondo. En reacción, el 1 de diciembre de 2025, la parte apelada presentó una *Oposición a moción de reconsideración de sentencia*.[44] Esbozó que el petitorio de la parte apelante no presentaba hechos nuevos ni evidencia recién descubierta, ni señalaba errores. Alegó que la solicitud de reconsideración presentaba prácticamente los mismos argumentos de la oposición a solicitud de sentencia sumaria y de tratar de reabrir la controversia sobre el requerimiento de admisiones resuelta por el foro de instancia, la cual fue objeto de una solicitud al amparo de la Regla 49.2 de Procedimiento Civil,[45] y revisada por el Tribunal de Apelaciones en el alfanumérico KLCE202401333.[46] Así, pues, solicitó que se denegara la solicitud de reconsideración.

Así las cosas, en cumplimiento con lo ordenado, el 1 de diciembre de 2025, la parte apelada instó un *Memorando de costas y honorarios de abogado*s.[47]

---

[41] SUMAC TPI, a las Entradas Núm. 268 y 269.
[42] *Íd.,* a la Entrada Núm. 276.
[43] *Íd.,* a la Entrada Núm. 270.
[44] *Íd.,* a la Entrada Núm. 278.
[45] 32 LPRA Ap. V, 49.2.
[46] La Resolución final en este recurso apelativo fue emitida por un Panel hermano el 17 de marzo de 2025.
[47] SUMAC TPI, a la Entrada Núm. 277.

Regresando a los procedimientos relacionados a la solicitud de reconsideración, el 2 de diciembre de 2025, la parte apelante incoó una dúplica.[48]

Luego, el 3 de diciembre de 2025, ocurrieron dos (2) eventos procesales. El *primero* fue que, mediante *Orden*, el foro de instancia ordenó a la parte apelante a replicar el escrito intitulado *Memorando de costas y honorarios de abogado*s, para lo cual proveyó un término de diez (10) días.[49] El *segundo* evento fue que, mediante *Orden,* el tribunal *a quo* declaró *No Ha Lugar* la solicitud de reconsideración.[50]

En lo relativo al memorando de costas y honorarios de abogado, el 3 de diciembre de 2025, la parte apelante interpuso una *Urgente moción informativa y solicitud.*[51] Expuso que hacía falta un documento que fue detallado en la moción como anejado y que, como tal, estaban impedidos de evaluar el escrito interpuesto por la parte apelada. En respuesta, mediante *Orden*, emitida ese mismo 3 de diciembre y notificada al día siguiente, el tribunal de instancia ordenó a la parte apelada a replicar. Luego, el 8 de diciembre de 2025, la parte apelante presentó escrito intitulado *Impugnación a memorando de costas y honorarios de abogados.*[52] Alegó, en esencia, que la presentación del antedicho memorando fue tardía, al amparo de la Regla 44.1 de las Reglas de Procedimiento Civil,[53] que la cantidad solicitada era injusta e irrazonable, así como otros argumentos. A tenor, solicitó que se denegara lo solicitado.

Ahora bien, en desacuerdo con la denegatoria de reconsideración en cuanto a la sentencia, el 18 de diciembre de

---

[48] SUMAC TPI, a la Entrada Núm. 279.
[49] *Íd.*, a la Entrada Núm. 280.
[50] *Íd.*, a la Entrada Núm. 281. La *Orden* fue emitida el 1 de diciembre de 2025, y notificada el 3 de diciembre de 2025.
[51] SUMAC TPI, a la Entrada Núm. 283.
[52] *Íd.,* a la Entrada Núm. 285.
[53] 32 LPRA Ap. V, R. 1.

2025,[54] la parte apelante incoó un recurso apelativo en el cual esbozó los siguientes tres (3) señalamientos de error:

> Primer [e]rror: Err[ó] el Honorable Tribunal al declarar no ha lugar la [s]olicitud de juicio, a tenor con el debido proceso de ley y el derecho constitucional que cobijan a los peticionarios de ser oídos y de tener su día en corte, sin considerar las serias contradicciones del recurrido en su deposición, así como su mendacidad.
>
> Segundo [e]rror: Err[ó] y abus[ó] de su discreción el Honorable Tribunal al retrasar indebidamente e injustificada su determinación sobre los **dos** Memorandos de costas y honorarios de abogados presentados por el recurrido, poniendo en grave riesgo a la parte peticionaria de perder fatalmente su derecho de recurrir a la Sentencia y de que se le haga justicia en su caso.
>
> Tercer error: El Honorable TPI ha demostrado parcialidad hacia los demandados al conceder todo tipo de oportunidades para que se defiendan, inclusive la demora de su determinación sobre los dos Memorandos sometidos por el recurrido, habiendo transcurrido tiempo en exceso. El Honorable Tribunal de Primera Instancia advirtió a las partes, que todos los asuntos pendientes, quedan sometidos ante su consideración, por lo que no se estará atendiendo ninguna otra r[é]plica[.]

Mediante *Resolución*, emitida el 19 de diciembre de 2025, acogimos el recurso presentado como uno de apelación, por ser lo procedente en derecho y, en lo atinente, concedimos a la parte apelada hasta el 19 de enero de 2026, para presentar su alegato en oposición. El 16 de enero de 2025, compareció la parte apelada mediante *Solicitud de término para presentar escrito*. Examinados los autos, mediante *Resolución*, emitida el 20 de enero de 2026, le concedimos hasta esa misma fecha para presentarlo, no así unos días adicionales, tal y cual solicitado.

El 20 de enero de 2026, compareció la parte apelada mediante *Alegato en oposición y solicitud de desestimación*. Con el beneficio de la comparecencia de las partes, procederemos a disponer del recurso instado. Adelantamos que declaramos *No Ha Lugar* la solicitud de desestimación interpuesta por la parte apelada.

---

[54] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 1. Véase, además, el SUMAC TA, a la Entrada Núm. 5, en la cual se encuentra el recurso vuelto a presentar con fecha del 19 de diciembre de 2025.

II

### A. La Sentencia Sumaria

El mecanismo procesal de sentencia sumaria es un remedio discrecional extraordinario que, únicamente, se concederá cuando la evidencia que se presente con la moción establezca con claridad la existencia de un derecho.[55] El propósito de este mecanismo procesal es facilitar la solución justa, rápida y económica de los litigios civiles que no presenten controversias genuinas de hechos materiales, razón por la cual no ameritan la celebración de un juicio en su fondo.[56] A esos efectos, "solamente debe ser dictada una sentencia sumaria en casos claros, cuando el Tribunal tenga ante sí la verdad sobre todos los hechos pertinentes".[57] Es decir, para que proceda dictar sentencia por la vía sumaria, es imprescindible que de los documentos que acompañan la solicitud o que obran en el expediente del tribunal no surja controversia legítima sobre hechos materiales del caso, y que, por ende, sólo reste aplicar el derecho.[58] Ahora bien, a los fines de considerar la moción, se tendrán como ciertos todos los hechos no controvertidos que consten en los documentos y declaraciones juradas ofrecidas por la parte promovente.[59] No obstante, tales documentos deben evaluarse de la forma más favorable para la parte que se opone a la moción.[60]

La Regla 36 de Procedimiento Civil regula todo lo concerniente a las solicitudes de sentencia sumaria. En específico, la Regla 36.3 (a) de Procedimiento Civil requiere que la parte que promueve la solicitud de sentencia sumaria cumpla con los requisitos de forma siguientes:

(1) una exposición breve de las alegaciones de las partes;

---

[55] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 911 (1994).

[56] *García Rivera et al. v. Enríquez*, 153 DPR 323, 337 (2001); *Pilot Life Ins. Co. v. Crespo Martínez*, 136 DPR 624, 632 (1994).

[57] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, supra, a las págs. 911-912, citando a *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714, 721 (1986) (Cita depurada); *Cuadrado Lugo v. Santiago Rodríguez*, 126 DPR 272, 279 (1990).

[58] *Nissen Holland v. Genthaller*, 172 DPR 503, 511 (2007).

[59] *H.M.C.A. (P.R.), Inc., etc. v. Contralor*, 133 DPR 945, 957 (1993).

[60] *Íd.*, a la pág. 957.

(2) los asuntos litigiosos o en controversia;

(3) la causa de acción sobre la cual se solicita la sentencia sumaria;

(4) una relación concisa, organizada y con párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, indicando los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(5) las razones por las cuales se debe dictar sentencia argumentando el derecho aplicable, y

(6) el remedio que debe ser concedido.[61]

Cumplidos los requisitos establecidos para la solicitud de sentencia sumaria, el inciso (e) de la Regla 36.3 de Procedimiento Civil establece que:

La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente.[62]

No obstante, lo anterior, el solo hecho de no presentar evidencia que controvierta lo presentado por la parte promovente no implica necesariamente que proceda la sentencia sumaria.[63] Sobre este particular, el Tribunal Supremo ha resuelto que las partes no puede descansar en aseveraciones generales, es decir, meras afirmaciones no bastan.[64] A esos efectos, y a tenor con la Regla 36.5 de Procedimiento Civil,[65] las partes estarán obligadas a demostrar que tienen evidencia para sustanciar sus alegaciones.[66]

---

[61] 32 LPRA Ap. V, R. 36.3.

[62] 32 LPRA Ap. V, R. 36.3 (e); *García Rivera et al. v. Enríquez*, supra, a la pág. 338; *Roldán Flores v. M. Cuebas,* 199 DPR 664, 676 (2018); *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 225 (2015).

[63] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, supra, a la pág. 913; *García Rivera et al. v. Enríquez*, supra, a la pág. 338; *Consejo Tit. C. Parkside v. MGIC Fin. Corp.*, 128 DPR 538, 549 (1991); *Cuadrado Lugo v. Santiago Rodríguez,* 126 DPR 272, 281 (1990).

[64] *Flores v. Municipio de Caguas*, 114 DPR 521, 525 (1983); *Ramos Pérez v. Univisión*, 178 DPR 200, 215-216 (2010).

[65] 32 LPRA Ap. V, R. 36.5.

[66] *Flores v. Municipio de Caguas*, supra, a la pág. 525; *Ramos Pérez v. Univisión*, supra, a las págs. 215-216.

Por otra parte, es menester subrayar que nuestro Tribunal Supremo ha indicado que el mecanismo de sentencia sumaria no es el apropiado para resolver casos en los cuales hay elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad sea esencial.[67] De la misma manera, también ha razonado que "hay litigios y controversias que por la naturaleza de estos no hacen deseable o aconsejable el resolverlos mediante una sentencia sumariamente dictada, porque difícilmente en tales casos el Tribunal puede reunir ante sí toda la verdad de los hechos a través de "affidavits' o deposiciones".[68]

En cuanto al proceso de revisión de las sentencias sumarias, nuestro Alto Foro ha sido enfático en que el Tribunal de Apelaciones debe:

> (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario;
>
> (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36;
>
> (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y
>
> (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.[69]

Ahora bien, la sentencia sumaria no procederá en las instancias que: (i) existan hechos materiales y esenciales controvertidos; (ii) haya alegaciones afirmativas en la demanda que no han sido refutadas; (iii) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho

---

[67] *Elías y otros v. Chenet y otros,* 147 DPR 507, 521 (1999); *Soto v. Hotel Caribe Hilton,* 137 DPR 294, 301 (1994); *Velázquez Ortiz v. Mun. de Humacao,* 197 DPR 656, 663 (2017).

[68] *Elías y otros v. Chenet y otros,* supra, a la pág. 521, citando a *García López v. Méndez García,* 88 DPR 363, 380 (1963).

[69] *Roldán Flores v. M. Cuebas, et al., supra,* 679. (Cita depurada); *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 118-119 (2015).

material y esencial, o (iv) como cuestión de derecho, no proceda.[70] Además, al revisar la determinación del foro primario, respecto a una sentencia sumaria, estamos limitados de dos (2) maneras. *Primero,* solo podemos considerar los documentos que se presentaron ante el foro de primera instancia. Es decir, "las partes no pueden añadir en apelación exhibits, deposiciones o affidávits que no fueron presentados oportunamente en el foro de primera instancia, ni pueden, por primera vez ante el foro apelativo, esbozar teorías nuevas o esgrimir asuntos nuevos".[71] *Segundo,* solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta.[72] Entiéndase, que al foro apelativo le es vedado adjudicar los hechos materiales esenciales en disputa, ya que dicha tarea le corresponde al foro de primera instancia.[73]

### A. Falta de jurisdicción por prematuro

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[74] Los tribunales adquieren jurisdicción por virtud de ley, por lo cual no pueden arrogársela, ni las partes pueden otorgársela.[75] Es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[76] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[77] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un

---

[70] *SLG Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310, 335-336 (2021).
[71] *Meléndez González et al. v. M. Cuebas, supra,* a la pág. 114. (Cita depurada).
[72] *Íd.,* a la pág. 115.
[73] *Vera v. Dr. Bravo,* 161 DPR 308, 335 (2004).
[74] *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *AAA v. UIA,* 199 DPR 638, 651-652 (2018).
[75] *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016).
[76] *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).
[77] *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.

tribunal para adjudicar las controversias.[78] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[79] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse.[80] Es decir, una sentencia dictada sin jurisdicción por un tribunal es una sentencia nula en derecho y, por tanto, inexistente.[81]

Como corolario de lo anterior, el Tribunal Supremo de Puerto Rico ha desarrollado el principio de la justiciabilidad, el cual recoge una serie de doctrinas de autolimitación basadas en consideraciones jurisprudenciales que prohíben al foro judicial emitir opiniones consultivas.[82] Además, el aludido principio persigue evitar emitir decisiones en casos en los cuales realmente no existe una controversia, o dictar una sentencia que no tendrá efectos prácticos sobre un asunto.[83] En ese contexto, un caso no es justiciable cuando: (i) se trata de resolver una cuestión política; (ii) una de las partes carece de legitimación activa para promover un pleito; (iii) después de comenzado el litigio hechos posteriores lo tornan en académico; (iv) las partes pretenden obtener una opinión consultiva, y (v) cuando se pretende promover un pleito que no está maduro.[84]

En nuestra función revisora, un recurso judicial es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es, cuando la controversia no está debidamente delineada, definida y concreta.[85] Como ha pronunciado reiteradamente el

---

[78] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018).

[79] *R&B Power, Inc. v. Junta de Subasta ASG,* supra, a la pág. 698.

[80] *Bco. Santander v. Correa García,* 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007).

[81] *Montañez v. Policía de P.R.,* 150 DPR 917, 921-922 (2000).

[82] El principio de justiciabilidad fue incorporado jurisprudencialmente a nuestro ordenamiento jurídico mediante el caso *ELA v. Aguayo,* 80 DPR 552, 595 (1958); Véase, además, R. Elfrén Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Ed. Pubs. JTS, 1987, pág. 147.

[83] *Moreno v. Pres. U.P.R. I,* 178 DPR 969, 973 (2010).

[84] *Crespo v. Cintrón,* 159 DPR 290, 298 (2003).

[85] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366-367 (2001).

Tribunal Supremo, un recurso prematuro adolece del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[86] Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[87]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[88] confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

III

En el presente recurso, la parte apelante, mediante sus tres (3) señalamientos de error nos plantea: (i) que el tribunal *a quo* incidió al emitir la *Sentencia* ante nuestra consideración, sin antes celebrar un juicio en su fondo, en contravención con el debido proceso de ley, y (ii) que amerita que desestimemos los dos (2) memorandos de costas presentados por la parte apelada por falta de jurisdicción. Por estar íntimamente relacionados, discutiremos el *primer* señalamiento de error de forma separada, mientras que, por guardar estrecha relación, el *segundo* y *tercer* error esgrimido serán discutidos en conjunto.

Establecido lo anterior, nos corresponde discutir la procedencia del *primer* error esbozado por la parte apelante. En este señalamiento de error, la parte apelante muestra su inconformidad tras el foro de instancia haber optado por un dictamen sumario, sin la celebración de un juicio. Nos plantea como argumento que se le violentó el debido proceso de ley al emitir esta determinación, así como que la misma fue tomada sin tomar en consideración alegadas

---

[86] *Juliá et al. v. Epifanio Vidal, S.E.*, supra, a la pág. 365.
[87] *Torres Alvarado v. Madera Atiles,* supra, a la pág. 501; *Juliá et al. v. Epifanio Vidal, S.E.,* supra, a la pág. 366.
[88] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 110, 215 DPR __ (2025).

contradicciones que surgieron durante la deposición del aquí apelante, el señor Eliacin Molina Nieves. No nos convence.

Según relatamos previamente, el caso de autos comenzó cuando la parte apelante presentó una demanda sobre cobro de dinero, enriquecimiento injusto, fraude y daños y perjuicios contra la parte apelada. Tras varias instancias procesales innecesarias de pormenorizar, las cuales incluyeron, pero no se limitaron, a la presentación de la contestación a la demanda y la apertura del descubrimiento de prueba, la parte apelada cursó su descubrimiento de prueba a la parte apelante, el cual incluyó dos (2) requerimientos de admisiones. Vencido el término para contestar los referidos requerimientos, sin haberse presentado contestación alguna por la parte apelante, la parte apelada peticionó al foro primario que se diesen por admitidos. Pendiente de adjudicar lo anterior, la parte apelante negó haber recibido los aludidos requerimientos de admisiones, pero luego, en otro escrito admitió haberlos recibido. Abona a lo anterior, que todo lo anterior fue vencido el término dispuesto por nuestro ordenamiento procesal para cumplir con el antedicho método de descubrimiento de prueba.

Luego de varios trámites procesales, los cuales no incluyeron la contestación de los requerimientos, ni una justificación válida para el incumplimiento, el tribunal *a quo* optó por celebrar una vista para atender el aludido asunto. Tras escuchar las posiciones de las partes, el referido foro dio por admitidos los requerimientos de admisiones. En desacuerdo con el curso decisorio, la representante legal de la parte apelante, a manera de reconsideración, informó en corte abierta que había sufrido un accidente en la fecha del 5 de octubre, así como que peticionó que se corrigieran ciertas cuestiones de formas de los requerimientos de admisiones. En vista de ambas peticiones, el juzgador se dio a la tarea de escuchar la postura de la representante legal de la parta apelada. No obstante, declaró *No Ha*

*Lugar*, tanto la solicitud de reconsideración como la de corrección. Conviene mencionar, que la representante legal de la parte apelante manifestó durante la vista que, si se admitían los requerimientos de admisiones, concluiría el caso porque este lo abarcaba todo.

Al día siguiente de la vista, el tribunal de instancia, mediante *Orden,* redujo a escrito su decisión respecto a los requerimientos de admisiones. Así, pues, la parte apelante presentó otra moción de reconsideración mediante escrito, la cual fue declarada sin lugar. Luego, elevó su inconformidad ante este foro apelativo. Sin embargo, un Panel hermano denegó expedir el recurso de *certiorari.*

Luego de este trámite, se le tomó deposición al señor Eliacin Molina Nieves. Luego de varios trámites procesales, la parte apelada le solicitó al foro primario que dictara sentencia sumaria disponiendo del caso en su totalidad. En la misma, esgrimió como hechos incontrovertidos aquellos que se dieron por admitidos mediante los requerimientos de admisiones. En reacción, la parte apelada presentó oposición a que se dispusiera del caso mediante sentencia sumaria. Con la finalidad de controvertir los hechos ***ya admitidos por el tribunal,*** propuso fragmentos de la antes mencionada deposición que presuntamente impugnaban los mismos.

Examinados los escritos de las partes, el tribunal de instancia emitió el dictamen apelado. Mediante esta *Sentencia,* desestimó en su totalidad las causas de acción presentadas por la parta apelante, así como que impuso a esta última el pago de costas y honorarios de abogado. En el referido dictamen, el tribunal *a quo* destacó que, de las admisiones dadas por ciertas conforme a la Regla 33 de Procedimiento Civil,[89] quedó demostrado que la parte apelante recibió cincuenta (50) cheques emitidos por JLV Construction,

---

[89] 32 LPRA Ap. V, R. 33.

LLC, a nombre de Fontánez García, Suárez Tolentino y la corporación Fontánez Equipo Pesado, LLC, los cuales sumaban a un total de $107,134.95 dólares. Subrayó, además, que la parte apelante admitió no haber sufrido perjuicio económico alguno como consecuencia del negocio y que no existía deuda adicional de $8,000.00 dólares. Asimismo, explicó que quedó demostrado que la parte apelante no recibió tratamiento médico o psicológico atribuible a los hechos alegados.

La Regla 33 (a) es clara en que "[c]ualquier admisión hecha en conformidad con esta regla se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita el retiro o enmienda de la admisión".[90] Siendo así, "[s]ujeto a lo dispuesto en la Regla 37, que regula las enmiendas de una orden dictada en conferencia con antelación al juicio, el tribunal podrá permitir el retiro o enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o la enmienda afectará adversamente su reclamación o defensa".[91] De los autos antes nuestra consideración, no se desprende que, previo a que se presentara la solicitud de sentencia sumaria, el tribunal de instancia hubiese permitido el retiro o enmienda de las admisiones. En consecuencia, lo admitido mediante los requerimientos en cuestión debía considerarse definitivo.

Luego de haber evaluado el caso de marras *de novo*, según nos requiere el ordenamiento jurídico vigente, así como de revisar el cumplimiento de las partes del título con los requisitos de forma de la Regla 36.3 de Procedimiento Civil,[92] los cuales entendemos que, esencialmente, se les dio cumplimiento por ambas, juzgamos que el tribunal de instancia de ninguna manera incumplió con el debido

---

[90] 32 LPRA Ap. V, R. 33.
[91] *Íd.*
[92] 32 LPRA Ap. V, R. 36. 3.

proceso de ley al disponer de la controversia de epígrafe por vía sumaria. Sabido es que la primera instancia judicial tiene facultad para dictar una sentencia final mediante un procedimiento sumario en casos claros en los cuales tenga la verdad de todos los hechos pertinentes.[93] En otras palabras, que del expediente no surja controversia sobre los hechos materiales del caso y solo reste aplicar el derecho. Colegimos que, en el caso de autos, no había ningún impedimento para disponer de las controversias por vía sumaria.[94]

Es por todo lo anterior, y luego de un examen sereno y minucioso de la totalidad del expediente ante nos, incluyendo las posiciones de las partes, así como los autos del presente caso en el SUMAC TPI, nos lleva forzosamente a concluir que el *primer* error esgrimido no fue cometido.

Dicho lo anterior, pasamos a discutir la procedencia del *segundo* y *tercer* señalamiento de error. En estos, según, adelantamos, la parte apelante, esencialmente, nos solicita que desestimemos los dos (2) memorandos de costas presentados por la parte apelada, dado a fueron presentados fuera del término jurisdiccional establecido en las reglas de procedimiento civil.

Tras examinar los autos, nos percatamos que al momento de la presentación del recurso ante nos, dicha controversia se encontraba *sub judice*. No fue hasta una fecha posterior que, entonces, el foro primario tomó una determinación respecto a los referidos memorandos de costas, entiéndase, el 15 de diciembre de 2025, notificada el día 22, del mismo mes y año.[95] Siendo así, el asunto se presentó ante esta Curia de manera prematura.

Conforme reseñamos en nuestra exposición doctrinal previa, un recurso es prematuro cuando el asunto del cual se trata no está listo para adjudicación; esto es cuando, tal cual ocurrió en este caso,

---

[93] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, supra, a las págs. 911-912.
[94] *Nissen Holland v. Genthaller*, supra, a la pág. 511.
[95] SUMAC TPI, a la Entrada Núm. 292.

la controversia no está debidamente delineada, definida y concreta.[96] Es por lo anterior que, se ha establecido que los recursos prematuros adolecen del insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre.[97] En consecuencia, esta Curia está impedida de entrar en los méritos del *segundo* y *tercer* error alzado. Ahora bien, nada impide que la parte que así lo requiera recurra, mediante el recurso y el término que corresponda, de la determinación del foro primario respecto al memorando de costas y honorarios notificada el 22 de diciembre de 2025.

IV

Por los fundamentos que anteceden, se *confirma* la *Sentencia* apelada.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[96] *Torres Martínez v. Torres Ghigliotty*, supra, a la pág. 98; *Juliá et al. v. Epifanio Vidal, S.E.,* supra, a las págs. 366-367.

[97] *Juliá et al. v. Epifanio Vidal, S.E.*, supra, a la pág. 365.